[Cite as *State v. Petway*, 2015-Ohio-4158.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

JOHN W. PETWAY

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 15CAA010003

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 13CRI070343 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 2, 2015 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

CAROL HAMILTON O'BRIEN
MARK C. SLEEPER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, Ohio 43015

JEFFREY P. UHRICH
Law Office of Jeffrey P. Uhrich
P.O. Box 1977
Westerville, Ohio 43086

*Hoffman, P.J.*

{¶1}   Defendant-appellant John W. Petway appeals the December 4, 2014 Judgment Entry entered by the Delaware County Court of Common Pleas denying his Petition for Post-Conviction Relief.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On July 31, 2013, Delaware County Grand Jury indicted Appellant on twenty-five counts: two counts of rape, in violation of R.C. 2907.02(A)(2), both felonies of the first degree; three counts of sexual battery, in violation of R.C. 2907.03(A)(5), felonies of the second degree; nine counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree; seven counts of sexual battery, in violation of R.C. 2907.03(A)(5); one count of menacing by stalking, in violation of R.C. 2903.211(A), a felony of the fourth degree; one count of importuning, in violation R.C. 2907.07(A), a felony of the second degree; and one count of importuning, in violation of R.C. 2907.07(D)(1), a felony of the fourth degree.

{¶3}   On October 10, 2013, Appellant entered a negotiated plea of guilty to two counts of rape. In return, the State agreed to dismiss the remaining charges.  The State also agreed to recommend a prison term of twenty years.

{¶4}   The trial court accepted the plea of guilty, and convicted Appellant of the two counts of rape.  The trial court immediately proceeded in sentencing Appellant to ten years on each count to be served consecutively and by agreement pursuant to R.C. 2953.08(D).

---

[1] A rendition of the underlying facts is unnecessary for our resolution of the appeal.

{¶5} On December 5, 2013, Appellant filed an appeal with this Court, assigning in his first two assignments of error his trial counsel's failure to investigate and pursue the issues pertaining to Appellant's competency prior to entering the plea of guilty.

{¶6} On August 12, 2014, Appellant filed a motion for post-conviction relief pursuant to R.C. 2951.21.

{¶7} Appellant asserted in his motion for post-conviction relief his constitutional rights were violated in that he was denied the effective assistance of counsel in trial counsel's failure to investigate his medical, educational and social history. Appellant's petition asserted counsel failed to request a competency evaluation, related to both his cognitive understanding and mental state. Appellant further argued counsel failed to request a pre-sentence investigation. Appellant argued counsel's failures resulted in his not voluntarily, knowingly and intelligently entering his plea.

{¶8} Via Opinion and Judgment Entry of September 29, 2014, this Court rejected Appellant's arguments and affirmed Appellant's conviction and sentence.

{¶9} On October 10, 2014, Appellant filed a motion in the trial court for the approval of expense money to retain a psychologist for the purpose of evaluating the mental condition of Appellant. The trial court denied the motion via Judgment Entry of October 22, 2014.

{¶10} On November 14, 2014, the trial court conducted an evidentiary hearing to address Appellant's petition for post-conviction relief. At the hearing, the trial court heard the testimony of Appellant and Appellant's prior trial counsel.

{¶11} Via Judgment Entry of December 4, 2014, the trial court denied Appellant's petition for post-conviction relief.

**{¶12}** Appellant appeals, assigning as error:

**{¶13}** "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF INASMUCH AS THERE WAS EVIDENCE TO SUPPORT THAT DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO INVESTIGATE ISSUES PERTAINING TO DEFENDANT'S COMPETENCY, INCLUDING INVESTIGATING DEFENDANT'S MEDICAL, EDUCATIONAL, AND SOCIAL HISTORY PRIOR TO ENTERING A GUILTY PLEA PURSUANT TO PLEA BARGAIN."

I.

**{¶14}** Appellant maintains his trial counsel was ineffective; therefore, the trial court erred in denying his petition for post-conviction relief.

**{¶15}** O.R.C. 2953.21 governs the filing of a petition for post-conviction relief,

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and

convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

      ***

(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶16} In *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, the Ohio Supreme Court held:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at trial, which resulted in that judgment of conviction, or *on an appeal* from that judgment. (Emphasis added.)

**{¶17}** Here, Appellant asserts he has a tenth grade education. He further asserts he suffers from an 80% hearing loss and is dependent on the use of hearing aids and lip reading. He maintains he communicated these issues to trial counsel prior to and during trial. He further maintains he takes daily medications, including Prozac and Propanolol ER, which he communicated to trial counsel. However, his trial counsel did not pursue any further investigation of his physical or mental disabilities. As a result, Appellant maintains he was pressured by counsel to accept the plea, and he "shut down mentally" after counsel did not support his position, causing his depression and anxiety to worsen. When asked by the trial court to list his medications, Appellant stated he listed the medications he could remember, but was intimidated and nervous, not listing all the medications. Appellant asserts his trial counsel was ineffective in not intervening.

**{¶18}** During trial, Appellant advised the trial court he did not require accommodations for his hearing loss. However, Appellant now maintains due to his feelings of depression and being coerced into accepting the plea, he did not complain to the trial court of his inability to hear or understand the proceedings. As a result, he now claims he was unable to hear or understand the proceedings during the change of plea proceedings.

**{¶19}** On direct appeal in *State v. Petway,* 5th Dist. No. 3CAA120084, 2014-Ohio-4439, Appellant assigned as error in Assignments of Error one and two,

**{¶20}** "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT CONDUCT AN INVESTIGATION INTO THE MEDICAL, EDUCATIONAL, AND SOCIAL HISTORY OF THE DEFENDANT/APPELLANT PRIOR TO ENTERING A GUILTY PLEA PURSUANT TO A PLEA BARGAIN."

**{¶21}** "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO REQUEST A PRESENTENCE INVESTIGATION TO INQUIRE INTO THE EXTENT OF THE DEFENDANT/APPELLANT'S DOCUMENTED PHYSICAL AND MENTAL DISABILITIES AND FURTHER FAILED TO PROVIDE ANY MITIGATION INFORMATION AT SENTENCING."

**{¶22}** This Court held,

> During the plea hearing, appellant was placed under oath, and the trial court explained to him that he could interrupt him at anytime if he did not understand an explanation or question or wished a clarification. T. at 4–5. The trial court emphasized that he wanted to make sure appellant was "completely understanding of everything going on." T. at 4.

> Appellant informed the trial court that he had a tenth grade education, could read and write, and the only special education courses he had taken were a result of his impaired hearing. T. at 5–6, 7. Appellant

stated he could hear the judge. T. at 6. The trial court offered appellant hearing devices to help him, but he declined. T. at 6–7.

The trial court asked appellant if he was on any medications and appellant stated, "I am taking Diovan for high blood pressure. I am taking Propanolol to slow my heart down. And I'm taking metformin for diabetic, and I am taking another meds for cholesterol." T. at 8. The trial court found appellant to be alert and not under the influence of alcohol or drugs. *Id.*

Appellant admitted he was entering his plea on the advice of counsel, and he was one hundred percent satisfied with his trial counsel's representation. T. at 12, 19.

From the record before this court, we find the trial court was aware of appellant's medical, educational, and social history prior to accepting the plea. The trial court was aware of appellant's hearing disability and took the time to offer assistance and to make further explanations and clarifications if necessary. We find no ineffective assistance of counsel on this issue.

**{¶23}** Upon review, we find Appellant's arguments on appeal are barred by the doctrine of res judicata as the arguments were raised on direct appeal. We find nothing presented at the November 14 hearing justifies further review of that prior conclusion. Accordingly, the assigned error is overruled.

{¶24} Based upon the above, the judgment of the Delaware County Court of Common Pleas denying Appellant's petition for post-conviction relief is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur